NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN (Cal. Bar 190414)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2727
    Facsimile:  (213) 894-7177
    E-mail:      Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>15.23927797 BITCOIN AND $3,261.00<br>IN U.S. CURRENCY,<br><br>        Defendants. | NO.  CV 18-1999<br><br>VERIFIED COMPLAINT FOR<br>FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[D.E.A.] |

      The United States of America brings this claim against the defendant 15.23927797 Bitcoin and $3,261.00 in U.S. Currency, and alleges as follows:

### JURISDICTION AND VENUE

    1.      This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

    2.      This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

    3.      Venue lies in this District pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4.     The plaintiff is the United States of America.

5.     The defendants are 15.23927797 Bitcoin (the "defendant Bitcoin") and $3,261.00 in U.S. Currency (the "defendant currency") (collectively, the "defendants"), seized on or about September 6, 2017, during the execution of a State of California search warrant at a residence located in West Hollywood, California[1] ("Prendergast residence").

6.     The defendants are currently in the custody of the United States Marshals Service in this District, where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7.     The interests of Richard Thomas Prendergast ("Prendergast") and Milton Lopez ("Lopez") may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8.     In May 2017, the Drug Enforcement Administration ("DEA") received information from a confidential source ("CS") regarding a multi-pound crystal methamphetamine trafficker operating in the West Hollywood, California area and on the Dark Net Market. The CS identified the trafficker as Richard, a.k.a. "Rick" Prendergast. The CS also identified Prendergast's West Hollywood, California residence.

Controlled purchase

9.     On August 09, 2017, at approximately 7:06 p.m., an undercover DEA Special Agent ("UC") arrived and parked at the CVS Drugstore at 1747 North Cahuenga Boulevard, Hollywood, CA 90028, where surveillance had already been established, for an exchange arranged by the CS.

10.     At approximately 7:07 p.m., the UC saw Prendergast exit his vehicle carrying a white package and enter the CS's vehicle, which was also parked in the lot.

---

[1]  Pursuant to Local Rule 5.2-1, only the city and state of the home address is listed.

2

11.     At approximately 7:15 p.m., the CS advised the UC by phone that Prendergast had arrived with a package that contained suspected crystal methamphetamine and was ready to receive the money.

12.     At this point, the UC drove across the parking lot, parked near the CS's vehicle, and walked over to the CS's vehicle on the driver's side. After the CS rolled down the driver's side window, the UC reached through the driver's side window and handed Prendergast $2,700.00 of DEA funds.  The CS then handed the UC a white plastic bag containing the suspected crystal methamphetamine, and the UC left the scene.

Search warrant

13.     Throughout the day on September 6, 2017, the CS communicated with Prendergast via text messaging and phone calls to establish a time and location for the CS to purchase several pounds of crystal methamphetamine from Prendergast.

14.     At approximately 2:30 p.m., Los Angeles Police Department ("LAPD") officers established surveillance at the Prendergast residence.

15.     At approximately 5:50 p.m., the CS told the DEA that Prendergast had received the crystal methamphetamine and needed ninety minutes to weigh and repackage it. At this time, LAPD officers saw a blue Chevrolet Trailblazer, license plate 7TAP812 (later identified to be registered to Lopez) park in front of the Prendergast residence.  The officers saw Lopez exit the vehicle from the driver's door and open the rear compartment of the vehicle before returning to the driver's seat. Lopez then climbed into the rear compartment of the vehicle from inside the vehicle and appeared to manipulate compartments in the rear of the vehicle.

16.     At approximately 5:53 p.m., the officers saw Lopez exit the vehicle carrying a heavy backpack. As Lopez began to cross the street, Prendergast opened his door and waited for Lopez to enter the Prendergast residence.

17.     At approximately 6:25 p.m., Lopez exited the Prendergast residence with the same backpack. The officers detained Lopez and seized his backpack, which was

found to contain approximately $1,130.00 in United States currency. (Those funds are not part of the defendant currency.)

18.     Officers executed a warrant at the Prendergast residence and discovered Prendergast in his bedroom, on his knees, with his hands up, and saw several clear vacuum sealed bags containing a clear crystalline substance resembling crystal methamphetamine inside the residence.

19.     The officers searched Lopez' vehicle and noted that the interior side panels had been partially removed from the rear compartment, in the same area that officers had seen Lopez manipulating something before exiting the vehicle and entering the Prendergast residence. The officers recovered approximately three pounds of clear crystalline solids in two Ziploc bags from the right rear compartment.

20.     During his post arrest interview, Lopez stated that he had such a large quantity of crystal methamphetamine to deliver to Prendergast that he could not get it all in his backpack, and was required to make another trip back to his vehicle to retrieve the rest.

21.     During the search of Prendergast's east upstairs bedroom, officers seized approximately $3,261.00 in US currency (i.e., the defendant currency).

22.     During the post arrest interview of Prendergast, he told officers that Lopez had been in the process of delivering multiple pounds of crystal methamphetamine to Prendergast when Lopez was arrested.

23.     During the search of Pendergrast's residence, investigators found a safe in Prendergast's bedroom closet. Officers opened the safe and recovered miscellaneous documents, a loaded pistol, and two Bitcoin (BTC) hardware wallets. Investigators collected one KeepKey BTC wallet and one Ledger Nano S BTC wallet. Each BTC wallet had a BTC seed inside the box that would have allowed agents to gain administrative control of the BTC wallets. Prendergast told investigators that there was approximately $65,000.00 worth of Bitcoin in the Ledger Nano S wallet. Prendergast then voluntarily accessed the BTC wallets, which were found to contain a total of

15.23927797 BTC (i.e., the defendant Bitcoin).  The investigation of this matter has not revealed any apparent source for the defendant Bitcoin and currency other than Prendergast's illegal drug trafficking activity.

24.     Based on the facts set forth above, plaintiff alleges that the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they were furnished or intended to be furnished in one or more exchanges for a controlled substance or listed chemical, represent or are traceable to proceeds of illegal narcotics trafficking, or were used or intended to be used to facilitate one or more exchanges of a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.

WHEREFORE, plaintiff United States of America prays:

(a)     that due process issue to enforce the forfeiture of the defendants;

(b)     that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)     that this Court decree forfeiture of the defendants to the United States of America for disposition according to law; and

(d)     for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: March  9, 2018

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/*Jonathan Galatzan*
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, ANTHONY G. MITCHELL, hereby declare that:

1.      I am a Special Agent with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled <u>United States of America v. 15.23927797 Bitcoin and $3,261.00 in U.S. Currency.</u>

2.      I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.      Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 9, 2018 in _____Los Angeles_____, California.

_____

ANTHONY G. MITCHELL
Special Agent
Drug Enforcement Administration